Kurzman & Frankenheimer, for appellant.
Charles F. G. Wahle, for respondent.

FITZSIMONS, C. J. The defendant was regularly discharged in bankruptcy. Prior to his discharge a judgment was obtained in this court against him. More than one year after such discharge was granted, he applied to have said judgment against him discharged. His motion should have been granted, without costs. It was error to grant this motion only upon the payment; it should have been granted unconditionally.

Order reversed, with $10 costs, and motion granted, without costs.

CONLAN, J., concurs.

---

KLEIN v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. October 29, 1900.)

APPEAL—VERDICT—CONFLICTING EVIDENCE—UNDUE INFLUENCE—PREJUDICE.
Where the finding of a jury is based on conflicting evidence, it is conclusive on appeal, in the absence of a showing of undue influence or prejudice.

Appeal from trial term.

Action by Bruno O. Klein against the Metropolitan Street-Railway Company. From a judgment in favor of the plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Henry A. Robinson, for appellant.
Davis & Loeser, for respondent.

CONLAN, J. The action was for an injury to the plaintiff, alleged to have been caused by the defendant's negligence. The testimony on both sides is in conflict as to how the injury was occasioned; the plaintiff asserting that, while he had one foot on the ground and the other on the car step, the car started with a suddenness and a jerk that threw him to the ground. The contention of the defendant is that the plaintiff endeavored to alight while the car was in motion. The case was submitted to the jury, who settled the disputed questions in the plaintiff's favor.

Courts of appeal, as it is well said, will not disturb the finding of a jury upon disputed questions of fact, unless it clearly appears that such finding was reached by undue influence, prejudice, or some element which might tend to distort the mind of the jury. There is no pretense that anything of the kind existed in the case at bar, nor do we think that remarks of counsel in the course of summing up in any way influenced the jury in arriving at their verdict, especially in view of the fact that proper instruction was given to the jury concerning remarks of counsel by the trial justice. Entertaining these views upon the questions presented by the record, and not finding that any error was committed upon the trial which calls for an interference

with the result reached, it follows that the judgment and order appealed from should be affirmed, with costs.

FITZSIMONS, C. J., concurs.